UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES E. MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:16-cv-00033-JMS-MJD |
| ) | |
| BRIAN SMITH superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of James Miller for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. XAF 15-12-05. For the reasons explained in this Entry, Miller's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On December 7, 2015, Program Specialist Christina Miles issued a Report of Conduct charging Miller with violating a state law (theft) in violation of Code A-100. The Report of Conduct states:

> James Miller, 3961112
>
> On December 07, 2015 Program Specialist Mrs. Miles received a phone call from resident Miller['']s employer John Herrington of Herrington's Mobile Wash Inc. John Herrington stated that resident Miller stole $650.00 from his office on Saturday December 5, 2015 and that Miller was no longer employed at Herrington Mobile. Mr. Herrington stated that on Sunday December 6, 2015 he confronted Resident Miller about the $650.00 and told Miller that he had him on camera and Miller admitted to stealing the money and that he would pay him back on Tuesday out of his maintenance check. Mr. Herrington then said that resident Miller then asked him not to call me Mrs. Miles because then he would not be able to attend his father['']s funeral this Tuesday December 8, 2015. Mr. Herrington told Miller he did this to himself and that he had to notify Liberty Hall.
>
> Resident Miller is charged with a 100 Violation of Law for Stealing.

Miller was notified of the charge on December 7, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Miller did not request any witnesses or evidence.

The Hearing Officer conducted a disciplinary hearing on December 8, 2015. The Hearing Officer noted Miller's statement, "I got to work late and he (supervisor) was upset and stated I was terminated." Relying on the staff reports, the Hearing Officer determined that Miller had violated Code A-100. The sanctions imposed included an inter-facility transfer, the deprivation of 100 days of earned credit time, and the demotion from credit class I to III.

Miller's appeals were denied and he filed the present petition for a writ of habeas corpus.

2

### C. Analysis

Miller challenges the disciplinary conviction arguing that (1) the witness statement used to support the conviction was hearsay and not credible; (2) the place of the incident was incorrectly identified on the Conduct Report; (3) because the report does not state the time of the incident, it is unclear whether the report complies with policy requiring that the report be created within 24 hours of the incident; and (4) the three step demotion in his credit class was unwarranted.

#### 1. *Witness Statement*

Miller first argues that consideration of the witness statement at the disciplinary hearing was improper because the statement was a hearsay statement of an unidentified witness. But there is no prohibition against the use of hearsay evidence in the course of prison disciplinary proceedings. *See Wolff*, 418 U.S. at 567-68. Further, to the extent this argument amounts to a challenge to the sufficiency of the evidence, Miller has failed to show that the evidence against him was insufficient. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at

3

786. Here, the evidence shows that Miller's employer discovered that Miller had stolen $650.00. This is enough to find Miller guilty of violating the law.

### 2. *Conduct Report*

Miller next challenges the contents of the conduct report. He argues that the place of the incident on the conduct report is misleading and that it is not clear that that conduct report was written within 24 hours of the incident at issue. Due process requires that a conduct report provide the prisoner fair notice of the charges against him. *See Wolff*, 418 U.S. at 564. The purpose of this requirement is to inform him of the charges and enable him to marshal the facts and prepare a defense. Here, the conduct report stated that Miller had stolen money from his employer. This was sufficient to give Miller fair notice of the charges against him and the facts on which the charges were based. Further, due process requires that the prisoner be given 24-hours notices of a disciplinary hearing, *See Hill,* 472 U.S. at 454, but there is no due process requirement regarding how soon after an incident a conduct report must be written. To the extent that Miller contends that the presumed failure to write the conduct report within 24 hours of the incident violated prison policy, this does not amount to a due process violation. *See Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violation of policy not a due process violation).

### 3. *Demotion in Credit Class*

Miller finally argues that the three-step demotion in credit class violated the Adult Disciplinary Procedures because the hearing report did not contain any justification for this result. The respondent argues that because Miller did not raise this argument in his administrative appeals, it is waived. Before seeking federal habeas relief, an offender must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002). Because it is undisputed that Miller did not appeal this argument

and he has not shown good cause for his failure, he cannot present it here. Further, as already explained, a violation of prison policy, such as that alleged here, does not support a claim for habeas relief. *See Hester*, 966 F. Supp. at 774-75.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Miller to the relief he seeks. Accordingly, Miller's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: <u>July 27, 2016</u>

                                      Hon. Jane Magnus-Stinson, Judge
                                      United States District Court
                                      Southern District of Indiana

Distribution:

JAMES E. MILLER
961112
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All electronically registered counsel